## LO MONACO v. MURPHY CONST. CO.

(Supreme Court, Appellate Division, First Department.   June 4, 1909.)

MASTER AND SERVANT (§ 279*)—INJURY TO SERVANT—NEGLIGENCE IN SUPERIN-
  TENDENCE—EVIDENCE.

    Evidence in an action for injury to plaintiff while in defendant's employ
through the negligence of B. (not employed as superintendent or foreman,
and while the assistant foreman was in the vicinity where the work was
being done) in signaling the engineer to back a car of material into the
building in course of construction before the track had been cleared, or
in not warning plaintiff, who was clearing the track, *held* insufficient to
show that B. was with the authority of defendant exercising acts of su-
perintendence as his sole or principal duty, or acting as superintendent
with the authority or consent of defendant in the absence of the super-
intendent, so as to make defendant liable under the employer's liability
act (Laws 1902, p. 1748, c. 600).

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 279.*]

Appeal from Trial Term, New York County.

Action by Gasparo Lo Monaco, an infant, against the Murphy Con-
struction Company. From a judgment on a verdict for plaintiff, and
from an order denying a motion for new trial, defendant appeals. Re-
versed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
HOUGHTON, and SCOTT, JJ.

Frank V. Johnson, for appellant. ·
L. E. Warren (Jacob M. Grossman, on the brief), for respondent.

LAUGHLIN, J.   On the 11th day of September, 1906, the plaintiff
received injuries while in the employ of the defendant as a laborer,
and he brings this action to recover damages therefor, and bases his
action upon the employer's liability act.   His right to recover depends
upon whether one Domenico Borzanato was intrusted by the defend-
ant with authority to superintend the execution of certain work, was
exercising such authority at the time in question, and his sole or
principal duty was that of superintendence, or, if not, then whether
he was then acting as a superintendent by the authority or consent of
the defendant, in the absence of a superintendent vested with authori-
ty to superintend the work; for the action is based upon that part of
the employer's liability act (Laws 1902, p. 1748, c. 600) conferring
a cause of action for negligence in superintendence.   If the evidence
relating to the duties performed by Domenico Borzanato and authoriz-
ed by the defendant is sufficient to show that he was intrusted with
and exercising superintendence, and that his sole or principal duty
was that of superintendence, or that the superintendent was absent,
and that he was acting as superintendent with the authority and con-
sent of the defendant and within the lines of his duties, then the par-
ticular work which he was engaged in doing at the time and the specif-
ic negligent act which resulted in the injury to the plaintiff, namely,
signaling an engineer that the track was clear and to go ahead, when
he should have known that plaintiff, whom he had directed to assist

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in clearing the track, had not reached a point of safety—cannot be regarded details of the work for which the employer would not be liable, because it is now well settled that, under the employer's liability act, the employer is liable for the negligence of a superintendent, or one acting as such within the contemplation of the statute, in failing to discover that employés have not reached a place of safety before he directs the explosion of a blast or the movement of a train which results in injury to them, or in failing to fully stop machinery. McBride v. N. Y. Tunnel Co., 101 App. Div. 448, 92 N. Y. Supp. 282, affirmed without opinion 187 N. Y. 573, 80 N. E. 1113; McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725. See, also, Quinlan v. Lackawanna Steel Co., 191 N. Y. 329, 84 N. E. 73. The law of the case, therefore, is well settled; and the real question is whether the evidence shows that the defendant intrusted Domenico Borzanato with any authority to superintend, and, if so, whether that was his sole or principal duty, and, if not, then whether the superintendent was absent, and he was acting as superintendent with the authority and consent of the defendant.

It appears that the defendant was organized for the purpose of doing general construction work, and it had taken a contract for the construction, in part, of a building at the foot of East Thirty-Ninth street for the Edison Electric Lighting Company, and was to do all the masonry and carpenter work, roofing, and fireproofing. It had a general superintendent on the work, and under him there were different foremen for the different branches of the work, and under them sub or assistant foremen, who received orders from their foremen and trom the superintendent, and supervised the execution thereof by the men under them. The plaintiff and Domenico Borzanato were engaged in a separate branch of the work, consisting of taking sand and other building material from boats at the dock and transporting it into the building and unloading it there, and for this purpose they used cars and a steam engine which had formerly been used on the elevated railroad, and operated the same on a temporary track which had been constructed for that purpose. One Johnson was foreman of laborers engaged on this and other work, and he had under him an assistant named English, who had direct charge of the men employed in removing material from the boats at the dock to the building. The number of men employed in this gang evidently varied according to the amount of work to be done. According to the testimony of the witnesses for the plaintiff, the number consisted ot about 12, and, according to testimony introduced by the defendant, of from 20 to 25. The duties of the superintendent required his presence from time to time on different parts of the work, and evidently he did not exercise a direct superintendence over all of the work, but delegated to the foremen the immediate superintendence over the different branches of the work and in the main exercised his authority through them rather than by giving orders to the men direct. It appears that the plaintiff had been employed on the work for about a month at the time of the accident, but that he had not worked on this particular part of the

work before the morning of the accident. Plaintiff was an Italian, and unable to speak or understand English. The foreman and assistant foreman customarily gave orders to the men who could not understand English through Domenico Borzanato, or another Italian laborer, who understood both English and Italian, and would communicate the orders in Italian. The plaintiff testified that on the morning of the accident he was directed by Borzanato to help load the car which was standing on the dock with sand; that he assisted the other men in loading the car, and then Borzanato told him to get on the car, which he did; that Borzanato then got upon the car and signaled to the engineer, who started the engine for the purpose of taking the car into the building. It is to be inferred, although the testimony does not make it entirely clear, that they were using the engine and only one car at the time of the accident. According to the testimony of the witnesses called for the plaintiff, the engine was always in the rear of the loaded car and pushed the car from the dock into the building; but, according to the testimony introduced by the defendant, the engine was in front of the car on starting from the dock and hauled it to a switch within some 20 feet of the entrance to the building, where the engine was switched off, and from that point on pushed the car into the building. The evidence is undisputed, however, that the car was to be pushed by the engine from a short distance outside the entrance to some point within the building. On the occasion in question, when the train reached a point about 20 feet outside the entrance, it stopped on a signal to the engineer given by Borzanato. Borzanato then told the plaintiff and the others to get off and clear the track of material with which it was obstructed, and they did so. The work occupied a period of about 15 minutes. The last material to be removed from the track was a plank 14 or 15 feet in length, a foot and a half wide and 3 inches thick, which the plaintiff proceeded to remove, standing at the right side of the track toward the outer end of the plank, and with his back toward the train. At about this time Borzanato boarded the car, standing on the forward end at the brake, which he operated to check the speed of the car as it descended a downgrade into the building. Evidently he had signaled the engineer to start, as was his custom, for the engineer had started, and was propelling the car along at a speed described as "slower than a fast walk," and, before the plaintiff succeeded in pulling the plank off sufficiently to clear the track, the car struck it, precipitating him to the ground and inflicting injuries, to recover for which he brings this action.

The evidence was sufficient to warrant the jury in finding that no signal or warning was given to the plaintiff and that he was free from contributory negligence, and that Borzanato was negligent either in signaling the engineer to start before the track was clear, or in failing to give plaintiff warning of the approach of the train. The evidence indicates that this was probably the third trip the train had made on the day in question, and on each occasion it is to be inferred, although on that point the evidence is not entirely clear, the same method of clearing the track was followed, with the exception that the assistant foreman, English, may have accompanied the train on one or both of

the other occasions. He testified that sometimes he accompanied it and sometimes not, but he does not expressly say that he accompanied it at all on the day in question. It is quite clear that neither the general superintendent nor the foreman, Johnson, was present at the time the car was loaded or transported to the building or at the time of the accident. There is evidence indicating that the assistant foreman, English, was about the vicinity where this work was being done and probably on the dock when the car was loaded, but he did not accompany the train on this trip, and was not present at the scene of the accident when it occurred. There is no evidence as to whether or not he gave Borzanato the orders which Borzanato on the occasion to which reference has been made communicated to the plaintiff and the other men, nor is there any evidence that he attempted to confer upon Borzanato authority to direct the movement of the train or to take charge of the men or superintend the movement of the train or the unloading thereof. Borzanato's first connection with the work was about two months before the accident, when he assisted in laying the track from the dock into the building under the direction of a foreman; and about a month before the accident he commenced work with this gang, acting as trainman, signalman, and switchman of the train, and, according to the testimony of the engineer, his duties also embraced assisting in obtaining water for the engine and in removing the ashes from the fire pan, and going ahead of the train to see that everything was clear, and giving signals to the engineer with respect thereto. It thus appears that Borzanato was not employed in the capacity of a superintendent or of a foreman, nor was the superintendent or his foreman or assistant foreman absent from the work. There is evidence, as has been seen, indicating that he assumed to direct the men with respect to the work when the foreman or assistant foreman was not immediately present, but there is no evidence that authority so to do was conferred upon him by the defendant or any one authorized by it. The foreman testified that he never knew that Borzanato assumed to give orders to the men other than to translate orders to them. The engineer did not understand that Borzanato had any authority to give him orders. In fact, he regarded Borzanato as his assistant. His act in signaling the engineer to move the train or to stop it was merely the act of an ordinary brakeman or switchman, whose authority has never been held, so far as I recall, to embrace superintendence. His negligence in failing to signal the engineer to stop on discovering the plaintiff in danger was also negligence in carrying out a detail of the work, as distinguished from an act of superintendence. The only evidence, therefore, upon which superintendence can be·predicated at all, is his directing the men to get aboard the car and to alight and remove the obstructions from the track, and in deciding to order the movement of the train before the track was clear. In the circumstances I am of opinion that this is insufficient to show that he was authorized by the defendant to exercise authority of superintendence; and, if he did not have such authority, it is manifest that neither his sole nor principal duties consisted in superintendence. The case does not fall within that provision of the statute relating to the acts of superintendence

by authority of the employer in the absence of a superintendent. The foreman and assistant foreman were on the premises in direct charge of this work. The men in this gang understood what was to be done. There really was little necessity for a foreman or an assistant foreman while they were en route from the dock to the building. They all understood their duties, the plaintiff, perhaps, not so well as others, for he had only been working there that day. Borzanato merely communicated to them the instructions which the foreman or assistant foreman, if present, would have communicated to them through him. It was his duty to discover obstructions and to signal the engineer to stop, and it then was the duty of the laborers to alight and remove the obstructions. He merely in effect informed them of the circumstances which gave rise to duty on their part. He did not assume charge and direction of the men in removing the obstructions. He is said to have alighted from the car and toward the last told plaintiff to "hang up"; but he did not assume to direct each man what to do. I am of opinion, therefore, that the defendant's motion for a nonsuit and for a dismissal of the complaint should have been granted; but, in any event, the finding of the jury that Borzanato was, with the authority of the defendant, exercising acts of superintendence as his sole or principal duty, or acting as superintendent with the authority and consent of the defendant in the absence of the superintendent, is contrary to the evidence.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.